**DART TRUCK COMPANY, Appellant,**

v.

**BOARD OF ZONING ADJUSTMENT OF KANSAS CITY, Missouri, et al.,**
Respondents.

No. 22443.

Kansas City Court of Appeals.

Missouri.

Feb. 1, 1957.

Charles W. Hess, Guy A. Magruder, Jr., Arthur N. Nystrom, Kansas City, for appellant.

Benjamin M. Powers, City Counselor, Guy W. Rice, Asst. City Counselor, Kansas City, for respondents.

BROADDUS, Judge.

This is an appeal from the judgment of the Circuit Court of Jackson County, modifying the decision of the Board of Zoning Adjustment of Kansas City, Missouri.

Plaintiff, Dart Truck Company owns property on both sides of Oak Street between 26th and 27th Streets, numbered 2618–30 and 2601–45 Oak Street. Under the Zoning Ordinances of Kansas City this property is zoned for "Light Industry" and is in an "M–1 District."

Sometime prior to July 1952, certain officials of Kansas City received complaints from adjoining property owners concerning plaintiff's operations. The basis of these complaints was that noise, fumes and the operation of large trucks annoyed and disturbed the neighborhood. In August and September of 1952, these complaints continued. Finally, on September 30, 1952, a meeting was held between certain officials of the City and those of the plaintiff Dart Truck Company. At this time the Company was advised, "that it was conducting heavy industry operations in a light industry district" and to make an application to the Board of Zoning Adjustment for a temporary permit.

On the same day the Commissioner of Buildings and Inspections served a notice of refusal upon the company reciting that its request for a permit for the occupancy of the premises was refused for the indicated reason that the manufacturing of trucks was required by the zoning ordinances to be located in M–2 zone districts.

On October 3, 1952, plaintiff Company filed an appeal to the Board of Zoning Adjustment based upon the contention that the use being made of the premises was within the zoning law and was the same use that had previously been made of the premises.

On December 9, 1952, a hearing was held on the application. At the conclusion of the hearing the Board denied plaintiff's application. Thereafter, on June 2, 1953, plaintiff filed in the circuit court its petition for certiorari to review the order of the Board. The writ issued and the members of the Board filed their return and certified to the court a transcript of the evidence presented to the Board.

Plaintiff filed in the circuit court a motion for a hearing de novo. This motion was sustained and a referee was appointed to hear testimony and to report the evidence taken, together with findings of fact and conclusions of law. On July 10, 1954, the referee filed his report. One of his conclusions was that the order of the Board was illegal and in excess of its authority in so far as it "denied the company (plaintiff) the right to continue its 'present operations' which was the assembly of trucks in the same manner as used by the company since April 7, 1941."

Subsequently, on October 5, 1955, the circuit court confirmed and adopted a portion of the report, findings and conclusions, and disapproved the remaining portion. The court stated that "the issue as to whether the Company's operations constitute manufacturing is not before the court and no ruling is made thereon." The court then found "that the application of the Dart Truck Company was 'for continued occupancy of the premises * * * for the manufacture of trucks' and the order of the Board of Zoning Adjustment was not responsive to the application filed by the company." The court then decreed "that the order of the Board of Zoning Adjustment as entered on December 9, 1952, is hereby modified to read as follows: 'The application of the Dart Truck Company for the continued occupance of the premises at 2618–30 and 2601–45 Oak Street, Kansas City, Missouri, for the manufacture of trucks is denied.'" Plaintiff's after-trial motions having been overruled on December 16, 1955, it perfected its appeal to this court. Defendant did not appeal.

Plaintiff contends that the circuit court "erred in failing to reverse outright the Board of Zoning Adjustment rather than merely modifying the Board's order." In support of this contention it relies almost entirely upon the fact that the circuit court adopted the portion of the referee's report which found that all of plaintiff's operations were permissible in an M–1 District.

We feel compelled to remand this case because the real issue before the Board was not considered by the circuit court. We agree with the assertion made in plaintiff-appellant's brief that "the judgment of the circuit court dealt with a collateral issue which neither party was litigating * * *." The real issue before the Board was whether the operations of plaintiff were as it contended, light industry, permissible in an M–1 District; or, whether plaintiff was, as defendants asserted, engaged in manufacturing or heavy industry, permissible only in an M–2 District. Both in its appeal to the Board and in its petition to the circuit court plaintiff contended that all of its operations were permissible in an M–1 District. It states in its brief that it knew "from the beginning that any zoning change would have to come through the City Council and not through an administrative official or the Board of Zoning Adjustment." In other words, plaintiff knew that, under the zoning law, neither the Commissioner nor the Board was authorized to give it permission to engage in heavy industry and, therefore, made no such request.

The judgment should be reversed and the cause remanded with directions to the circuit court to decide whether the Board could have reasonably made its finding on the only issue (as pointed out in the preceding paragraph) actually involved, upon consideration of all the evidence before it. The court should not take into account the evidence taken before the referee because, as we have held in State ex

rel. Horn v. Randall, Mo.App., 275 S.W.2d 758, a reviewing court may not decide the cause *de novo*. It is so ordered. All concur.